IN BANC.
Contest by the Pleasant View Irrigation Company relating to the water rights claim of the Milton-Freewater Hudson Bay Irrigation Company. From a decree modifying the findings and order of determination of the state engineer, contestant appeals.
AFFIRMED. REHEARING DENIED.
Proceedings to adjudicate the water rights on the Walla Walla river and its tributaries *Page 494 
were begun by the State Engineer of Oregon, in the year 1927. All parties interested filed their claims. When the statements of the different claimants were opened for inspection, it was found that there was a conflict between the claim filed by the Milton-Freewater and Hudson Bay Irrigation Company and that of the Pleasant View Irrigation Company. Thereupon the Pleasant View Irrigation Company instituted a contest against the claim of the Milton-Freewater and Hudson Bay Irrigation Company, as to priority and length of irrigation service each year.
On December 24, 1930, the State Engineer filed his findings and order of determination awarding the Milton-Freewater and Hudson Bay Irrigation Company the use of the waters of the stream from October 15th to May 15th of each year, as follows:
"3000 miners' inches or 75 cubic second feet of water per second which appears to be its capacity of its main canal under date of priority of Feb. 16, 1903, measured at the intake from the Tumalum or the Little Walla Walla River for the irrigation of 2673.76 acres of land * * *."
The State Engineer awarded appellant a priority of 1912.
Appellant duly filed exceptions to a portion of the State Engineer's findings and order of determination and excepted to that part of said order awarding appellant a priority of 1912. It claimed a priority of 1903. It also claimed a priority right over the Milton-Freewater and Hudson Bay Irrigation Company to all the flow of the Little Walla Walla and Tumalum rivers, between March 15th and October 15th of each year, less than 4,000 miners` inches under six-inch pressure, not adjudicated to other appropriators other *Page 495 
than the Milton-Freewater and Hudson Bay Irrigation Company. It also asserted certain rights to the use of a portion of the waters allotted to the Milton-Freewater and Hudson Bay Irrigation Company by reason of adverse possession or adverse user under a claim of right from the year 1913.
The respondent suggested a modification of the State Engineer's findings and order of determination to contain the following:
"Said water may be used, however, at all seasons of the year when there is sufficient water available to the company, in the Little Walla Walla River, the Tumalum River or from any other source and which legally may be diverted therefrom by the company."
The circuit court overruled the exception of appellant and in effect upheld the State Engineer's findings and order of determination and adopted the modification suggested by respondent. Pleasant View Irrigation Company appeals.
The Milton-Freewater and Hudson Bay Irrigation Company, respondent, is a private corporation organized for profit. It owns no land. It is engaged in the business of supplying water for general rental for irrigation and other purposes to such of the general public as own irrigable lands that may be served by its ditch. It has constructed a canal system consisting of about 40 miles of open ditch and about 8,500 feet of pipe line. Its system supplies sufficient water to irrigate and reclaim about 3,000 acres of land. It appears that it made its appropriation of water in the year 1903, when it began supplying water to its customers; that among the lands to which it supplied water at that time was a large number of the tracts that are now being supplied by the Pleasant View Irrigation *Page 496 
Company. The respondent was accustomed to supply to the various users served by its ditches under individual annual rental contracts, which were renewed each year. It also sold to some of its customers permanent water rights. Some of the water users became dissatisfied with this service and about the year 1912 organized the Pleasant View Irrigation Company, a mutual company, and built canals paralleling the respondent's ditch, and began to use water therefrom. It applied to the State Engineer for a permit to appropriate 50 cubic feet of water per second, for the irrigation of the lands served by its ditch, from the Tumalum and Walla Walla rivers. The State Engineer thereupon, under said application, granted permits for the appropriation of 9.51 cubic feet of water per second. Under these permits, it operated until the present adjudication.
Water was first applied to the lands, now under the Pleasant View Irrigation Company's ditch, from respondent's ditch under individual annual rental contracts between the year 1903 and year 1912, and for that reason the owners of these lands are claiming an appropriation by relation with a priority of the date of 1903, the year the respondent made its appropriation.
"The use of the waters of the lakes and the running streams of the State of Oregon, for general rental, sale or distribution, for purposes of irrigation, and supplying water for household and domestic consumption, and watering livestock upon dry lands of the state, is a public use, and the right to collect rates or compensation for such use, of said water is a franchise. A use shall be deemed general within the purview of this act when the water appropriated shall be supplied to all persons whose lands lie adjacent to or within *Page 497 
reach of the line of the ditch or canal or flume in which said water is conveyed, without discrimination other than priority of contract, upon payment of charges therefor as long as there may be water to supply; * * *." Oregon Code 1930, § 47-1001.
When a public corporation complies with all of the provisions of this statute, it, and not the owner of the land supplied, acquires the right to the use of the water: Nevada Ditch Co. v.Bennett, 30 Or. 60 (45 P. 472, 60 Am. St. Rep. 777); In reWaters of Hood River, 114 Or. 112 (227 P. 1065); In re Watersof Umatilla River, 88 Or. 376 (168 P. 922, 172 P. 97); 1 Wiel on Waters in Western States (3d Ed.) 431; 3 Kinney on Irrigation and Water Rights (2d Ed.) § 1477.
"The water right is appurtenant to, but not inseparable from the land": In re Waters of Deschutes River, 134 Or. 623 at 657 (286 P. 563, 294 P. 1049), and authorities cited therein. While the users of water from respondent's ditch, by annual rental contracts, continued such use, the water was appurtenant to their land, but when they withdrew their lands from such use they segregated the appurtenance so far as the water appropriated by respondent was concerned. Appellant misconceives the purport of the following language in Eldridge v. Mill Ditch Co., 90 Or. 590
(177 P. 939):
"It seems to be pretty well settled * * * even in cases of public service corporations organized for profit and selling water to the general public, that the water and ditch rights really belong to the individual appropriator and is appurtenant to the lands upon which the same is used, and that the corporation transmitting the same is in the nature of a holding company or agent for the true owners." *Page 498 
[3] In the instant case, the respondent and not the rental irrigator was the appropriator. The water rights and ditch rights belong to the individual "appropriator" and not to the individual "irrigator." The paragraph above quoted from Eldridge v. MillDitch Co. must be read with its immediately succeeding paragraph, of which the syllabus is as follows:
"A mutual ditch company, not organized for the purpose of selling water or as a profit corporation but for the sole purpose of transmitting and delivering to the appropriators and owners of the water, the quantity to which each is entitled is not a `general corporation' within this act." Eldridge v. Mill Ditch Co., supra.
[4, 5] There is a distinction between a corporation organized for profit for the purpose of supplying water to all persons whose lands lie within reach of its ditch, for general rental, and a mutual corporation organized for the purpose of carrying the water appropriated by its mutual stockholders. The former corporation becomes the owner of the use of the water appropriated and the irrigator becomes its agent to apply the water supplied to a beneficial use. The latter corporation is simply the agent of the appropriator to carry his water to where he makes the beneficial use: 3 Kinney on Irrigation and Water Rights (2d Ed.) § 1477.
The owners of the land now supplied by the Pleasant View Irrigation Company, and which prior to 1912 were customers of respondent, did not obtain any rights in the use of the water supplied by respondent except those given by, and to the extent of, their rental contracts: 3 Kinney on Irrigation and Water Rights (2d Ed.) § 1514.
[6] The appellant contends that if its irrigators initiated an appropriation by virtue of their contracts with respondent prior to 1912 then its application to *Page 499 
the State Engineer for permits in 1912 did not destroy those prior rights to the water. This contention, for the purpose of this case, may be conceded. But those rental contracts limited their rights to the extent of water and time designated in the contract, consequently its irrigators had acquired no rights that it could segregate and establish independent of the respondent.
"Title by adverse possession is acquired by actual possession or use by one in a manner that is open, notorious, exclusive, hostile, under claim of right, exclusive of any other right, and continuous and uninterrupted for a period of ten years, and a title thus acquired remains in the person so acquiring it as completely as if conveyed to him by deed from the owner." 2 Kinney on Irrigation and Water Rights (2d Ed.) p. 1876, § 1048; Gardner v. Wright, 49 Or. 609, 629 (91 P. 286); Ebell et al v. City of Baker, 137 Or. 427 (299 P. 313).
The evidence and circumstances of this case, taken as a whole, do not indicate that there was such an adverse use of the water by appellant as would ripen into ownership.
[7] After the construction of appellant's ditch, the water was distributed by the water master of the district. Mr. Rineman, one of the water users from appellant's ditch, and the water master from 1912 to 1918, testified, in substance, that the use of the water, as he distributed it, was adverse and hostile to respondent; that as water master he distributed the water at certain times to either the appellant or respondent as, in his opinion, the parties were entitled to it, and that he closed respondent's ditch about May 15th of each year and kept appellant's ditch open about three weeks longer. In 1918, Mr. Rineman was succeeded *Page 500 
as water master by Mr. Perry who testified to a different distribution and one which does not conflict with the claims of the respondent. Mr. Mason, who succeeded Mr. Perry as water master in 1925, testified to the same effect as Mr. Perry.
[8] It requires no citation of authorities to sustain the principle that a public official cannot obtain any advantage, by way of adverse use, for himself or for a part of those whom he serves, by virtue of his acts as such official, as against others whose rights it is his duty to maintain.
It appears that in a former adjudication of the waters of the Walla Walla river, in a suit filed in Umatilla county and afterwards appealed to this court under the title of LittleWalla Walla Irr. Co. v. Finis Irr. Co., 62 Or. 348 (124 P. 666, 125 P. 270), a decree was entered by this court as of August, 1912, in which it adjudicated the use of the waters for the Milton-Freewater and Hudson Bay Irrigation Company, as follows:
"And between the first day of April and the 15th day of October of each year any surplus water flowing in the said Little Walla Walla River in excess of 4000 inches measured under a six inch pressure miners' measurement, * * *
"* * * said Milton-Freewater and Hudson Bay Irrigation Company shall have the right to divert into the ditch of the said company where the same taps the Tumalum River, flood waters which may be flowing in said Tumalum, after the said Tumalum River defendants have been supplied with not to exceed 751.27 inches of water measured under a six inch pressure, miners' measurement, the said Peacock Mill Company has been supplied with water to the extent of 2,750 inches measured under said pressure, plus the *Page 501 
amount in the said Peacock Mill race and flume that is awarded to the Perkins Ditch defendants under this decree, * * *"
[9] This part of the decree was entered on stipulation between the plaintiff in that case and the Milton-Freewater and Hudson Bay Irrigation Company, an intervener-defendant therein, respondent in the instant case, and was only binding on the parties thereto or those claiming under them. Appellant herein was not a party to said suit. It was not organized for nearly two years after the decree therein was rendered in the circuit court. It would seem that the court, in that adjudication, had in mind the amount of water with a prior appropriation to the respondent herein, and that the amount reserved was sufficient to take care of the needs of such prior appropriators. In other words, the 751.27 inches awarded to the Tumalum defendants therein, the 2,750 inches awarded to the Peacock Mill Company, defendant therein, the 77.20 inches and 28 inches awarded to the Perkins ditch, a defendant therein, making a total of 3,606.47 inches of water. This amount plus the seepage and evaporation the court adjudicated at 4,000 inches. The court would not have jurisdiction to reserve any greater amount than that, nor to prevent the respondent herein from appropriating and using all the water in excess of the amount needed to supply the requirements of the prior appropriators. The court did not reserve for some subsequent appropriator the excess, should there be any, in the stream, between what was necessary for prior appropriators and the 4,000 inches mentioned. This respondent's right in the waters was adjudicated to be inferior only to those awarded in the decree as having a superior right, and not to any subsequent appropriator. *Page 502 
[10] 4. The appellant complains that the decree of the circuit court is not definite. The circuit court adjudicated what the water rights of the respondent are and the amount of water to which it is entitled and how measured and that these rights are superior to those of appellant. The circuit court further decreed that after the respondent's customers are supplied the amount decreed appellant is entitled to the amount granted by its permits and these amounts are all properly tabulated in the decree. There is nothing indefinite about the rights of either party.
[11] 5. Appellant contends that it has not been awarded a sufficient amount of water to properly irrigate its lands. In 1912, it applied under the 1909 law to the State Engineer for a permit for a water right. In its application, it asked for a permit to use 50 cubic feet of water per second. This application was approved by the State Engineer to the extent of issuing a permit for the appropriation of 9.51 cubic feet per second and a certificate was issued, approved by the State Water Board, for that amount. The appellant took no appeal from the decision of the State Engineer on its said application and such determination became final.
The appellant contends that the decree of the circuit court makes no suitable provision authorizing the water users of the Little Walla Walla river to install, maintain, repair and operate a dam and diversion works at the point where the Tumalum and Little Walla Walla rivers fork. Respondent makes no objection to such a provision being incorporated in said decree, and the decree will be modified to that extent so as to authorize the water users of the Little Walla Walla river to build and maintain suitable dams or diversion works at the fork of the Little Walla Walla *Page 503 
river and the Tumalum river so as to divert the surplus waters of the Tumalum river into the Little Walla Walla river so far as it is necessary to supply the needs of the diverting appropriators, as adjudicated herein, but in no way to deprive any of the water users of the Tumalum river or the respondent herein of any of the water rights awarded in the decree of the circuit court.
The decree will be affirmed with the foregoing modification.
It is so ordered.
BEAN, C.J., and BROWN, J., not sitting. *Page 504